IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANN COYLE, | : | CIVIL NO. 3:14-CV-1427 |
| | : | |
| Petitioner | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| SALLY BARRY, DAVID ARNOLD, | : | |
| PA STATE ATTORNEY GENERAL | : | |
| | : | |
| Respondents: | | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Petitioner Ann Coyle ("petitioner") filed this *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging her fully expired judgment of sentence of fifteen months probation imposed on January 19, 2011, following misdemeanor convictions entered on October 4, 2010, in the Court of Common Pleas, Lebanon County, Pennsylvania. (Doc. 1, at 1). Having thoroughly reviewed petitioner's submissions, the court will summarily dismiss the petition for lack of subject matter jurisdiction. See R. GOVERNING § 2254 CASES R.4 (stating that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.").

I. **Background**

On October 5, 2010, following a jury trial, petitioner was convicted of recklessly endangering another person in violation of 18 PA. C.S.A. § 2705, and disorderly conduct in

violation of 18 PA. C.S.A. § 5503(a)(4). (Doc. 1-5, at 24; https://ujsportal.pacourts.us, court of common pleas electronic docket number CP-38-CR-0001777-2009). On January 19, 2011, she was sentenced to a term of fifteen months probation, with the first sixty days being served on house arrest with electronic monitoring. (Doc. 1-6, at 1). She pursued a direct appeal to the Superior Court of Pennsylvania, which affirmed the judgment of the trial court on December 10, 2012. (Doc. 1, at 2; Doc. 1-5, at 24; https://ujsportal.pacourts.us, superior court electronic docket number 275 MAL 2011). Thereafter, she petitioned the Supreme Court of Pennsylvania for allowance of appeal. (Doc. 1, at 2; https://ujsportal.pacourts.us, supreme court electronic docket number 172 MAL 2013). The petition was denied on August 20, 2013. (Id.)

It also appears from the Court of Common Pleas of Lebanon County electronic docket that petitioner filed a petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 PA. CONS. STAT. §§ 9541-46, in the court of common pleas on the same date she filed the instant petition in federal court. (See https://ujsportal.pacourts.us, court of common pleas electronic docket number CP-38-CR-0001777-2009).

## II. Discussion

To invoke habeas corpus review by a federal court, the petitioner must satisfy two jurisdictional requirements: the status requirement that the petition be "in behalf of a person in custody pursuant to the judgment of a State court," and the substance requirement that the petition challenge the legality of that custody on the ground that it is "in violation of the

2

Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); see also Maleng v. Cook, 490 U.S. 488, 490 (1989).

The United States Supreme Court has "interpreted the statutory language as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." Maleng, 490 U.S. at 490-91; see also Spencer v. Kemna, 523 U.S. 1 (1998). Although the "in custody" language does not require that a prisoner be physically confined in order to challenge his sentence in habeas corpus, see e.g., Jones v. Cunningham, 371 U.S. 236 (1963) (prisoner who is on parole is "in custody"), the Supreme Court "ha[s] never held . . . that a habeas petitioner may be 'in custody' under a conviction when the sentence imposed for that conviction has fully expired at the time his petition is filed." Maleng, 490 U.S. at 491; see also Drakes v. INS, 330 F.3d 600 (3d Cir. 2003); United States v. Thomas, 42 F.3d at 824. Thus, "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." Maleng, 490 U.S. at 492.

Petitioner's fifteen month sentence of probation expired on or about April 19, 2012. If a habeas petitioner is not "in custody" for the conviction and sentence he is challenging as of the date his petition is filed, as is the case here, then the petition must be summarily dismissed for lack of jurisdiction. Charlton v. Morris, 53 F.3d 929, 929 (8th Cir. 1995) (per curiam) (finding "[d]istrict Court was without jurisdiction to address the merits of

[petitioner's] section 2254 petition because [petitioner], who had served his state sentence and was discharged from supervised release . . . was no longer 'in custody' for his state conviction"); United States ex rel. Dessus v. Commonwealth of Pennsylvania, 452 F.2d 557, 559–560 (3d Cir. 1971) ("the *sine qua non* of federal habeas corpus jurisdiction is that petitioner be 'in custody' ").

### III. Conclusion

Based on the foregoing, the petition for writ of habeas corpus will be summarily dismissed for lack of jurisdiction.

### IV. Certificate of Appealability

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find

it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Here, jurists of reason would not find the procedural disposition of this case debatable. Accordingly, no COA will issue.

    An appropriate order will issue.

                                              BY THE COURT:

                                              s/James M. Munley
                                              JUDGE JAMES M. MUNLEY
                                              United States District Court

Dated:      August 13, 2014